FILED
2021 Jun-23  PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | | |
|---|---|---|
| **ADAM BROOKS,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **CASE NO. 4:21-CV-00142-CLM** |
| | ) | |
| **CITY OF SOUTHSIDE,** | ) | **OPPOSED** |
| **ALABAMA, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT ETOWAH COUNTY'S MEMORANDUM BRIEF IN SUPPORT OF ITS MOTION TO DISMISS

COMES NOW Etowah County, a Defendant in the above-styled action, and submits this Memorandum Brief in support of its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure filed contemporaneously herewith, asserts the following:

## INTRODUCTION

Plaintiffs' claims against Etowah County fail because, as a matter of law, the County cannot be held liable for the administration of the jail. From the allegations in the Amended Complaint, it is apparent that Plaintiff attempts to impose liability upon this Defendant because of alleged actions that occurred at the jail. The conduct of individuals at the jail cannot impute liability on the County because the County is not responsible for the day-to-day operation of the jail.

In addition to the foregoing, Plaintiff's claims of false imprisonment and invasion of privacy contained in Count XIII and XIV are due to be dismissed because they were brought outside the applicable statute of limitations. Also, Plaintiff's claims of intentional infliction of emotional distress contained in Count XV are due to be dismissed because the conduct alleged does not rise to the level necessary to maintain such a claim under Alabama law.

## STANDARD OF REVIEW

The Etowah County Commission invokes Rule 12(b)(6) as the basis for its Motion to Dismiss. Under a Rule 12(b)(6) motion to dismiss, a court must accept the facts plead as true and construe those facts in a light favorable to the nonmoving party. *Quality Foods De Centro Am., S.A. v. Latin Am. Agribusiness*, 711 F.2d 989, 994–95 (11th Cir. 1983). A court should draw all "reasonable inferences" in favor of the non-movant. *St. George v. Pinellas County*, 285 F.3d 1334, 1337 (11th Cir. 2002).

In *Bell Atlantic Corp. v. Twombly*, the United States Supreme Court rejected the "no set of facts" standard for determining the sufficiency of a complaint challenged by a Rule 12(b)(6) motion. 550 U.S. 544, 546 (2007).[1] Even under Rule

---

[1] In *Twombly*, the Supreme Court abrogated the oft-cited standard that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *See Twombly*, 550 U.S. at 561 (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)). The Court stated that the "no set of facts" standard "is best forgotten as an incomplete, negative gloss on an accepted pleading standard: once a claim has been stated adequately, it may be supported by showing any set of facts

8(a) there must be a "'statement of circumstances, occurrences, and events in support of the claim presented' and . . . not . . . a pleader's 'bare averment that he wants relief and is entitled to it.'" *Twombly*, 550 U.S. at 555 n.3 (citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, a complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level," *Id.*, as the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Court elaborated on the principles behind its holding in *Twombly*.

> First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. **Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice**. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, **but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.** Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But **where the well-pleaded facts do**

_____

consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 546.

> **not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."**

*Iqbal*, 556 U.S. at 678–79 (internal citations and quotations omitted) (emphasis added).

## ARGUMENT

### I.   As a Matter of Law, the County Cannot be Held Liable for the Actions of the Sheriff or His Employees in the Operation of the County Jail.

A county does not operate jails and has no duty or role regarding the day-to-day operation of the jails. Both federal and state law are clear that the only duty an Alabama county has with regard to its county jail is to build, maintain, and fund the jail. *See Marsh v. Butler County*, 268 F.3d 1014, 1026 (11th Cir. 2001) (en banc) (stating that Alabama law assigns counties a "**limited role in building and funding the jails.**") (emphasis added); *see also* Ala. Code § 11-14-10 (1975) (stating "[e]ach county within the state shall be required to **maintain** a jail within their county."); *King v. Colbert County*, 620 So. 2d 623, 625 (Ala. 1993); *Stark v. Madison County*, 678 So. 2d 787, 788 (Ala.Civ.App. 1996). The word "maintain" as used in § 11-14-10 has been interpreted to solely require a county to "keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline." *Keeton v. Fayette County*, 558 So. 2d 884, 886 (Ala. 1989). The Eleventh Circuit, after a "thorough analysis" of the Alabama Code, concluded that no statute authorizes counties to supervise either jailer or inmates in the county jails." *Turquitt*

*v. Jefferson County, Ala.*, 137 F.3d 1285, 1289 (11th Cir. 1998) (en banc). Further, "Alabama counties have no responsibility for daily operation of county jails and no authority to dictate how jails are run." *Marsh*, 268 F.3d at 1027; *see also Turquitt*, 137 F.3d at 1288–91.

The extent of Alabama counties' liability for jails was addressed by the Alabama Supreme Court in *Ex parte Sumter County*, 953 So. 2d 1235 (Ala. 2006). In *Ex parte Sumter County*, the estate of an inmate who committed suicide in a county jail sued and attempted to hold Sumter County liable. 953 So. 2d at 1236. The Alabama Supreme Court held that Sumter County was not liable as a matter of law because "any liability of a county resulting from an incident at a county jail must be based on a failure of county officials to provide an adequate facility." *Id.* The court elaborated on its holding as follows:

> In Alabama, counties possess only those powers expressly delegated to them by the legislature. Therefore, the Alabama Code determines the role of counties in operating county jails. Section 11-14-10, Ala. Code 1975, provides that "[t]he county commission shall erect . . . jails" and that "[e]ach county shall be required to maintain a jail within their county." This Court held  . . . that by using the phrase 'maintain a jail' in § 11-14-10, the Legislature intended to require the county commission to keep a jail and all equipment therein in a state of repair and to preserve it from failure or decline.
> . . .
>
> **Under Alabama law, a county is not responsible for the daily administration or operation of a county jail or for overseeing inmates** . . . . **Thus, Alabama counties are not charged with the duty of operating jails**; instead, it is the county sheriffs who are vested with that responsibility.  Section 14-6-1, Ala. Code 1975, provides: "The

sheriff has the legal custody and charge of the jail in his county and all prisoners committed thereto . . . ." **Alabama law provides that a county commission does not have the authority, or the responsibility, to promulgate policies and work rules for employees of the sheriff's office**, nor does a county commission have authority over law-enforcement policies or the training, supervision, hiring, or firing of the sheriff's employees. Consequently, Sumter County cannot be held liable for any action resulting from the hiring, training, or supervising of jail personnel.

**Furthermore, counties cannot be held vicariously liable for the actions or omissions of the sheriff or his deputies in operating a county jail.** This Court, construing Art. V, § 112, Ala. Const.1901, and its history, has concluded that a sheriff is an executive officer of the State. This Court has also held that because a sheriff is an executive officer, **"a sheriff is not an employee of a county for the purposes of imposing liability on the county**...." Consequently, even if Sheriff Hatter may be held liable for his conduct as sheriff, Sumter County itself cannot be held vicariously liable for his actions or inaction.

*Ex parte Sumter County*, 953 So. 2d 1235, 1238-39 (Ala. 2006) (emphasis added) (internal citations omitted).

Furthermore, under Alabama law, acts of a deputy sheriff are, by extension, acts of the sheriff. *Hester v. Lowndes County Comm'n*, No. 2:06-cv-572-WHA, 2006 WL 2547430, at *6 (M.D. Ala. Sept. 1, 2006) (citing *Hereford v. Jefferson County*, 586 So. 2d 209, 210 (Ala. 1991)). "It follows therefore that a deputy sheriff is a state officer and not an employee of the county or the county commission." *Hester*, 2006 WL 2547430 at *6 (holding an Alabama county could not be held liable in *respondeat superior* for the acts of a county deputy).

Plaintiff's allegations against Etowah County solely concern the operation of

6

the Etowah County Jail. (*See generally* Doc. 6.) Plaintiff alleges that Etowah County unlawfully detained him in the county jail and violated his right to privacy by publishing his arrest and mugshot on the jail's website.[2] (Doc. 6 ¶¶ 14, 15, 182.) Plaintiff alleges that "jail employees forced Plaintiff to pose for a mugshot" and then "released Plaintiff's mugshot to several online mugshot posting companies." (Doc. 6 ¶¶ 180, 181.) Plaintiff argues that the Etowah County Jail perpetrated Plaintiff's false arrest and falsely imprisoned Plaintiff by taking him into custody. (Doc. 6 ¶¶ 399–400.) Plaintiff further asserts that Etowah County intentionally deprived Plaintiff without legal cause of his freedom of movement and caused him unreasonable duress by coercing him into posing for a mugshot. (Doc. 6 ¶¶ 476–78.) Plaintiff alleges that Etowah County painted him in a false light by publishing his picture on the jail's website. (*See* Doc. 6 ¶¶ 182, 482–89.) Finally, Plaintiff asserts that the publication of his mugshot on the jail's website amounted to intentional infliction of emotional distress. (*See* Doc. 6 ¶¶ 182, 490–94.) This is the extent of Plaintiff's allegations against Defendant Etowah County.

Plaintiff is clearly trying to impute liability on the County for actions taken in the operation of the County Jail, i.e. incarcerating pretrial detainees, taking mugshots, and posting those mugshots on the jail's website. However, as discussed

---

[2] Mugshots are posted by the Etowah County Sheriff's Office on the sheriff's office's website. *See e.g.* http://www.etowahcountysheriff.com/mugshots/

above, Etowah County does not operate the jail; it merely constructs and keeps the jail from falling into a state of disrepair. Plaintiffs' Amended Complaint improperly attempts to hold the County liable under a theory of *respondeat superior* for the actions or omissions of Etowah County Sheriff's Office personnel. Simultaneously, Plaintiffs' Amended Complaint contains no allegations that the County failed to build or maintain the jail. Therefore, as a matter of law, Plaintiffs' claims against Etowah County cannot be maintained and are due to be dismissed.

## II.    Plaintiff's Claims for False Imprisonment and Invasion of Privacy are Barred by the Statute of Limitations.

Plaintiff's Amended Complaint attempts to assert new claims against Etowah County that were not asserted in Plaintiff's original complaint and are being asserted outside the statute of limitations. As such, and in addition to the foregoing, these claims are due to be dismissed.

"Federal courts apply their forum state's statute of limitations for personal injury actions to actions brought pursuant to 42 U.S.C. § 1983." *Uboh v. Reno,* 141 F.3d 1000, 1002 (11th Cir.1998). Federal law determines when the statute of limitations begins to run. *Rozar v. Mullis,* 85 F.3d 556, 561 (11th Cir.1996). Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Id.* at 561–62 (internal marks omitted); *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir.2003) (per curiam); *see also McNair*

*v. Allen*, 515 F.3d 1168, 1173–74 (11th Cir.2008) ("All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought ... It is well established that a federal claim accrues when the prospective plaintiff 'knows or has reason to know of the injury which is the basis of the action.' *Corn v. City of Lauderdale Lakes*, 904 F.2d 585, 588 (11th Cir.1990).").

"[I]n Alabama, [ ]the governing limitations period [for § 1983 actions] is two years." *McNair,* 515 F.3d at 1173 (citing Ala. Code § 6–2–38 and *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir.1989) (en banc)). Alabama applies a two-year limitations period to "[a]ll actions for any injury to the person or rights of another not arising from contract . . . ." Ala. Code § 6–2–38(l). With certain inapplicable exceptions, "[t]he word 'year' means a calendar year" when it appears in the Alabama Code. Ala. Code § 1–1(16).

The incident made the basis of Plaintiff's Amended Complaint occurred on February 4, 2019. (Doc. 6 ¶¶14–15.) Plaintiff filed his original complaint on January 28, 2021. (Doc. 1.) However, Plaintiff's original complaint did not contain claims against Etowah County for False Imprisonment and False Light. (*See generally* Doc. 1.) Those claims were first asserted in Plaintiff's Amended Complaint which was filed on April 27, 2021. (Doc. 6 ¶¶ 475–480, 481–89.) Thus, these claims were first brought two years, two months, and twenty-four days after the alleged incident

occurred and Plaintiff is two months, twenty-four days outside of the permitted timeframe for asserting them. Therefore, Plaintiff's claims against Etowah County contained in Counts XIII and XIV are due to be dismissed.

### III.    Plaintiff's Claims for Intentional Infliction of Emotional Distress do not Rise to the Level of Conduct Necessary Under Alabama Law.

Additionally, Plaintiff's claims contained in Count XV are due to be dismissed because they do not rise to the level recognized by Alabama courts to qualify for the tort of outrage.

The tort of outrage and the tort of intentional infliction of emotional distress are one in the same. *See Willborn v. Southern State Community College*, 720 F. Supp. 2d 1274, 1311 (M.D. Ala. 2010) ("The Alabama tort of outrage is essentially equivalent to what many states refer to as intentional infliction of emotional distress.") (internal quotations omitted); *see also American Road Service Co. v. Immon*, 394 So. 2d 361, 362–63 (Ala. 1981); John J. Kircher, The Four Faces of Tort Law: Liability for Emotional Harm, Appx. B., 90 Marq. L. Rev. 789, 852 (2007). "The tort of outrage is an extremely limited cause of action." *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000). "The tort of outrage requires that: (1) the actor intended to inflict emotional distress or should have known that emotional distress was likely to result from his conduct; (2) the conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff distress; and (4) the distress was severe." *Harris v. McDavid*, 553 So. 2d 567, 569–70 (Ala. 1989). The conduct at issue must

be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* (quoting *American Road Service Co. v. Immon*, 394 So. 2d 361, 365 (Ala. 1981)). "The tort of outrage is not a panacea for all of life's ills." *Id.*

The Alabama Supreme Court has recognized three limited circumstances where Alabama courts have allowed a claim for outrage to go to the jury: (1) cases regarding wrongful conduct in the context of family burials; (2) a case where insurance agents "employed heavy-handed barbaric means" to coerce the insured into settling an insurance claim; and (3) a case involving egregious sexual harassment. *Thomas v. BSE Indus. Contractors, Inc.* 624 So. 2d 1041, 1044 (Ala. 1993). "Generalized apprehensions and fears do not rise to the level of the extreme, severe emotional distress required to support a claim alleging the tort of outrage." *Grantham v. Vanderzyl*, 802 So. 2d 1077, 1078 (Ala. 2001); *see also Laurel v. Prince*, 154 So. 3d 95, 99–100 (Ala. 2014); *Southern Bakeries, Inc. v. Knipp*, 852 So. 2d 712, 717–18 (Ala. 2002) (refusing to compensate for the fear of future disease when the plaintiff had not sought any medical care, counseling, or psychological treatment for emotional distress).

Plaintiff has not alleged enough facts to rise to the high bar set forth by the courts to satisfy a claim for outrage. There is no fact scenario which involves either: the wrongful conduct in the context of family burials; a case where an insurance

11

agent has "employed a heavy-handed barbaric means" to coerce the insured into settling an insurance claim; or a case involving egregious sexual harassment. Such types of cases as mentioned above would be appropriate for the submission of outrage to a jury in Alabama. *Thomas*, 624 So. 2d at 1044 (Ala. 1993). The facts as alleged simply do not fit within these narrow confines, and as such Plaintiff's claims contained in Count XV are due to be dismissed.

## CONCLUSION

Based upon the foregoing, Defendant Etowah County requests this Honorable Court issue an Order dismissing it from this action.

Respectfully submitted this 23rd day of June, 2021.

**s/Joshua A. Willis**
JOSHUA A. WILLIS (ASB-4928-M10T)
Attorney for Etowah County, Alabama
WEBB MCNEILL WALKER, PC
7475 Halcyon Pointe Drive (36117)
Post Office Box 240909
Montgomery, Alabama 36124
(334) 262-1850 – T
(334) 262-1772 – F
jwillis@wmwfirm.com

12

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 23rd day of June 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Adam Brooks
P.O. Box 151
Leesburg, Alabama 35983
(670) 379-7290
adambrooksprose@gmail.com

**s/Joshua A. Willis**
OF COUNSEL