UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ADAM BROOKS, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF SOUTHSIDE, ALABAMA, et al., <br><br> Defendants. | Case No. 4:21-CV-00142-CLM |

### DEFENDANT FACEBOOK, INC.'S MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Facebook, Inc. ("Facebook") respectfully moves to dismiss Plaintiff Adam Brooks' single claim against it as the amended complaint ("Complaint") fails to state a claim upon which relief may be granted.

### I.   INTRODUCTION.

Adam Brooks[1] ("Plaintiff") alleges that several individuals, entities, and municipalities were involved in two unlawful arrests of Plaintiff. Plaintiff seeks to drag Facebook into this dispute on the grounds that an unidentified mugshot company posted Plaintiff's arrest information and mugshots on Facebook and Instagram and that Facebook failed to remove the posts after Plaintiff requested their removal.

Plaintiff's claim against Facebook fails for three independent reasons. First, Plaintiff improperly filed his Complaint under a fictitious name without seeking leave of court to proceed in this manner so this Court should have no jurisdiction over his claims. Second, Plaintiff failed to allege facts sufficient to support a claim against Facebook. Finally, the claim against Facebook is

---

[1] Plaintiff has improperly sued under a pseudonym, as discussed *infra* Section 3(B). *See also* Compl. ¶ 20. The true identity of the Plaintiff remains unknown to Facebook at this time.

barred by Section 230(c)(1) of the Communications Decency Act (CDA). Indeed, claims such as this, which seeks to hold an online platform operator such as Facebook liable for allegedly harmful content posted by another user, are precisely the type of claims that Section 230(c)(1) was intended to bar. Courts around the country have repeatedly and consistently rejected such claims at the pleading stage as a result. For these reasons, and as detailed below, the Court should grant Facebook's Motion to Dismiss and dismiss Plaintiff's claim against Facebook, with prejudice.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY.

This case arises from alleged false or unlawful arrests of Plaintiff. The Complaint alleges that Plaintiff was unlawfully arrested on January 28, 2019 and again on February 4, 2019.[2] There are no allegations that Facebook was involved in or connected in any way with either of the alleged unlawful arrests. In fact, the allegations involving Facebook are sparse. Plaintiff alleges that an unidentified mugshot company posted Plaintiff's mugshot and arrest information on its website.[3] This mugshot company then "maliciously created a Facebook account and an Instagram account and posted Plaintiff's mugshot and arrest information on both profiles."[4] Plaintiff claims he reported the posts several times, but Facebook failed to remove them.[5] The Complaint does not allege that Facebook created any of these posts or content or that Facebook was involved in creating or posting them. Plaintiff alleges that he subpoenaed Facebook to "unmask the identity of the user behind the accounts so that he could sue them," but that an unidentified lawyer for Facebook indicated that Facebook would not turn over the information.[6] The Complaint contains

---

[2] Compl. ¶ 1.
[3] Compl. ¶ 286.
[4] Id. at ¶ 288.
[5] Id. at ¶ 289.
[6] Id. at ¶ 289.

no other factual allegations against Facebook and does not allege that Facebook took any affirmative action to harm Plaintiff.

Plaintiff Adam Brooks, filing under a fictitious name,[7] subsequently brought this lawsuit against numerous individual defendants, the City of Southside, Alabama, Etowah County, Alabama, and Poore and Company, Inc.[8] Facebook is also named as a defendant.[9] Plaintiff asserts only a single claim against Facebook: the intentional infliction of emotional distress arising from Facebook's allege failure to remove the mugshot posts.[10]

### III. PLAINTIFF FAILS TO STATE A CLAIM AGAINST FACEBOOK.

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[11] In evaluating a complaint's sufficiency, the Court disregards allegations that are "no more than conclusions" or "[t]hreadbare recitals of the elements[.]"[12] Here, even accepting as true the allegations in the Complaint, Plaintiff fails to allege facts sufficient to support its claim for intentional infliction of emotional distress against Facebook.

#### A. Plaintiff's complaint should be dismissed as he improperly filed under a fictitious name.

"Rule 10(a) of the Federal Rules of Civil Procedure expressly requires that the parties be fully identified in the pleadings, absent a finding by the court that certain conditions are met."[13] If

---

[7] *Id.* at ¶ 20.

[8] *Id.* at ¶ 20-32.

[9] *Id.* at ¶ 33.

[10] *Id.* at ¶¶ 532-36.

[11] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[12] *Iqbal*, 556 U.S. at 678–79.

[13] *Estate of Rodriquez v. Drummond Co.*, 256 F. Supp. 2d 1250, 1256 (N.D. Ala. 2003); *see also* FED. R. CIV. P. 10(a).

a plaintiff files a complaint under a pseudonym without obtaining leave of court to proceed anonymously, the court is without jurisdiction over the unnamed plaintiff and the claims should be dismissed.[14]

"Defendants have the right to know who their accusers are, as they may be subject to embarrassment or fundamental unfairness if they do not."[15] Plaintiffs may only proceed under a pseudonym in *exceptional cases*, where "the plaintiff has a substantial privacy right which outweighs the 'customary and constitutionally-embedded presumption of openness in judicial proceedings.'"[16] Generally, courts permit the use of a fictitious name only in "exceptional cases involving matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity."[17]

Plaintiff failed to seek leave to proceed under a fictitious name and such leave would be futile as this case does not involve the type of highly sensitive information required to proceed under a pseudonym. Since Plaintiff has failed to comply with Rule 10(a) of the Federal Rules of Civil Procedure and cannot meet the high burden required to proceed under a fictitious name, this Court has no jurisdiction over the unnamed Plaintiff and the Complaint should be dismissed.

---

[14] *Id.* at 1257 ("However, because plaintiffs failed to seek [leave to proceed anonymously] prior to filing the complaint currently before this court, this court has no jurisdiction over the unnamed plaintiffs and, therefore, the court grants without prejudice Defendants' Motion to Dismiss the unnamed plaintiffs for lack of jurisdiction."); *see also W.N.J. v. Yocom*, 257 F.3d 1171 (10th Cir. 2001) (holding the same); *but see Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678 (11th Cir. 2001) (indicating through procedural history that a motion to proceed anonymously need not be filed *contemporaneously* with the complaint, yet still requiring plaintiffs to seek leave of court to proceed under a pseudonym).

[15] *Plaintiff B v. Francis*, 631 F.3d 1310, 1315 (11th Cir. 2011) (citing *Doe v. Smith*, 429 F.3d 706, 710 (7th Cir. 2005).

[16] *Doe v. Frank*, 951 F.2d at 323 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)).

[17] *Id.* at 324.

### B. Plaintiff fails to state a claim against Facebook for the intentional infliction of emotional distress under Alabama law.

If the Court allows Plaintiff to sue under a fictitious name, Plaintiff's singular claim against Facebook for the intentional infliction of emotional distress fails to state a sufficient claim upon which this Court may grant relief. Under Alabama law, a claim for the intentional infliction of emotional distress is identical to the tort of outrage.[18] The Alabama Supreme Court established the elements of the tort of outrage in *American Road Serv. Co. v. Inmon*, 394 So. 2d 361 (Ala. 1980), requiring plaintiffs to prove "(1) that the defendant's conduct was intentional or reckless; (2) that it was extreme and outrageous; and (3) that it caused emotional distress so severe that no reasonable person could be expected to endure it."[19]

Furthermore, as to the second element, Alabama courts have "consistently held that the tort of outrage is a very limited cause of action that is available only in the most egregious circumstances."[20] The tort has historically been recognized only in a limited set of circumstances: "(1) wrongful conduct in the family-burial context, (2) barbaric methods employed to coerce an insurance settlement, and (3) egregious sexual harassment."[21] Recently, the Alabama Supreme Court held that the tort of outrage is not necessarily *confined* to these three categories, but that the correct standard for whether a claim can survive a motion to dismiss is "whether the alleged conduct was 'so extreme in degree as to go beyond all possible bounds of decency and be regarded as atrocious and utterly intolerable in a civilized society.'"[22]

---

[18] See *Ex parte Bole*, 103 So. 3d 40, 52 (Ala. 2012).
[19] *Ex parte Crawford & Co.*, 693 So. 2d 458, 460 (Ala. 1997).
[20] *Thomas v. BSE Indus. Contractors, Inc.*, 624 So. 2d 1041, 1044 (Ala. 1993).
[21] *Potts v. Hayes*, 771 So. 2d 462, 465 (Ala. 2000) (citations omitted).
[22] *Wilson v. Univ. of Ala. Health Servs. Found., P.C.*, 266 So. 3d 674, 677 (Ala. 2017) (quoting *Green Tree Acceptance, Inc. v. Standridge*, 565 So. 2d 38, 45 (Ala. 1990)).

Here, Plaintiff fails to adequately allege any of the three elements.

### 1. Plaintiff fails to allege Facebook engaged in intentional or reckless conduct.

Plaintiff fails to allege that Facebook's alleged conduct was "intentional or reckless." Indeed, the Complaint does not allege any affirmative conduct by Facebook whatsoever, and the few allegations relating to Facebook do not establish any conduct that was intentional or reckless. There is no law in Alabama that supports a claim for intentional infliction of emotional distress based on the kind of passive conduct alleged in Plaintiff's Complaint. As such, Plaintiff fails to state a claim for intentional infliction of emotional distress and the claim is due to be dismissed.

### 2. Facebook's conduct was not extreme or outrageous, nor did it go beyond all possible bounds of decency.

Plaintiff's Complaint contains no factual allegations that Facebook's conduct was "beyond all possible bounds of decency and [is] regarded as atrocious and utterly intolerable in a civilized society."[23] Recovery will not be had where the behavior at issue extends to "mere insults, indignities, threats [or] annoyances."[24] Rather, "liability will ensue 'only when the conduct is extreme.'"[25] Plaintiff does not allege Facebook did anything at all other than "deciding to allow harmful posts to remain on its website forever".[26]

As said, Plaintiff fails to allege the kind of extreme, intentional, and malicious actions taken by Facebook that could support a claim for intentional infliction of emotional distress. In fact,

---

[23] *Green Tree Acceptance, Inc. v. Standridge*, 565 So. 2d 38, 45 (Ala. 1990).

[24] *McIsaac v. WZEW-FM Corp.*, 495 So. 2d 649, 651 (Ala. 1986) (quoting *Restatement (Second) of Torts* § 46, cmt d., (1965)).

[25] *K.S. v. Carr*, 618 So. 2d 707, 713 (Ala. 1993) (quoting *Am. Road Serv. Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1980)).

[26] Compl. ¶ 533

Plaintiff's Complaint makes it clear that he seeks to hold Facebook liable for the intentional actions of others—specifically, an unidentified "mugshot company" he alleges "maliciously created a Facebook account and an Instagram account and posted Plaintiff's mugshot and arrest information on both profiles."[27] Plaintiff does not allege that Facebook created or was involved in the creation of these posts. Rather, Plaintiff simply alleges that Facebook allowed the posts to remain, "has refused to take [the posts] down," and has refused to "unmask the identity of the user behind the accounts so that [Plaintiff] could sue them."[28] In short, there are no factual allegations in the Complaint that come close to establishing the sort of extreme or outrageous conduct necessary to maintain this claim against Facebook.

### 3. The Complaint fails to allege the type of severe emotional distress required under Alabama law.

To state a claim for the tort of outrage under Alabama law, a plaintiff must allege that he suffered "emotional distress so severe that no reasonable person could be expected to endure it."[29] Plaintiff's Complaint fails to assert any such allegation. Further, Alabama courts typically requires a physical manifestation or outward evidence of emotional distress to satisfy this element.[30] Plaintiff's Complaint is devoid of any indication that Facebook's conduct caused him unendurable and severe emotional distress. Rather, his intentions are clear—he wishes to have Facebook remove the content from its websites.[31] Plaintiff has "failed to demonstrate that [Facebook's]

---

[27]     Compl. ¶ 288.

[28]     *Id.* at ¶¶ 290-294.

[29]     *Ex parte Crawford.*, 693 So. 2d at 460.

[30]     *See Anderson v. Surgery Ctr. of Cullman, Inc.*, 839 F. App'x 364, 370 (11th Cir. 2020) (citing several Alabama decisions).

[31]     *See* Compl. ¶ E (requesting an injunction "ordering Facebook to permanently remove the posts containing the mugshot and arrest information concerning Plaintiff from the Facebook website and the Instagram website…").

actions caused him to suffer emotional distress of a degree more severe than a reasonable person could be expected to endure."[32]

For these reasons, Plaintiff's Complaint fails to assert the necessary elements to state a cause of action for the intentional infliction of emotional distress against Facebook and it is due to be dismissed as a matter of law.

### C. Plaintiff's claim is barred by Section 230(c)(1) of the Communications Decency Act.

Even if the Court finds that Plaintiff has somehow stated a claim against Facebook under any cause of action, his claims would be barred under federal law. Section 230 bars Plaintiff's claim because he seeks to hold Facebook liable for content created by Facebook's users.[33] CDA immunity is not only a defense to liability, but immunity from suit.[34] Immunity should be determined "at the earliest possible stage[.]"[35]

Under Section 230, "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."[36] Immunity is construed broadly, recognizing "the 'obvious chilling effect' that such intermediary tort liability could have, given the volume of material communicated through such intermediaries[.]"[37] "[S]o long as a third party willingly provides the essential published content,

---

[32] *Green Tree*, 565 So. 2d at 45.
[33] *See, e.g.*, Compl. ¶¶ 22–28, 57–58.
[34] *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009).
[35] *Id.* at 255.
[36] 47 U.S.C. § 230(c)(1).
[37] *Universal Comms. Sys., Inc. v. Lycos, Inc.*, 478 F.3d 413, 418–19 (1st Cir. 2007) (quoting *Zeran v. Am. Online, Inc.*, 129 F.3d 327, 331 (4th Cir. 1997).

the interactive service provider receives full immunity regardless of the specific editing or selection process."[38]

Courts have thus routinely and consistently dismissed at the pleading stage claims such as Plaintiff's, which seeks to hold Facebook or other online platform operators liable for allegedly offensive or hurtful content posted by another user.[39]

Here, Facebook is entitled to immunity under Section 230(c)(1) because, from the face of the Complaint, it satisfies each of the three requirements for immunity: (1) it is a provider of an "interactive computer service;" (2) the content at issue was "provided by another information content provider;" and (3) the claim treats Facebook as the "publisher" or "speaker" of that content.[40]

### 1. Facebook is an interactive computer service provider.

Facebook satisfies the first requirement for Section 230(c)(1) immunity because it is a provider of interactive computer services. The CDA broadly defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server[.]"[41] Courts consistently conclude that Facebook meets this statutory definition.[42]

---

[38] *Carafano v. Metrosplash.com, Inc.*, 339 F.3d 1119, 1124 (9th Cir. 2003).

[39] *See, e.g., Riggs v. MySpace, Inc.*, 444 F. App'x 986, 987 (9th Cir. 2011) (motion to dismiss); *Fed. Agency of News LLC*, 395 F. Supp. 3d at 1303–04 (same); *Caraccioli v. Facebook, Inc.*, 167 F. Supp. 3d 1056, 1064–66 (N.D. Cal. 2016) (same); *Lancaster v. Alphabet Inc.*, 2016 WL 3648608, at * 2–3 (N.D. Cal. July 8, 2016) (same); *Sikhs for Justice "SFJ", Inc. v. Facebook, Inc.*, 144 F. Supp. 3d 1088, 1095–96 (N.D. Cal. 2015), *affirmed sub nom, Sikhs for Justice, Inc. v. Facebook, Inc.*, 697 F. App'x 526 (9th Cir. 2017) (same); *Obado v. Magedson*, 2014 WL 3778261, at *7–9 (D.N.J. July 31, 2014), *aff'd*, 612 F. App'x 90 (3d Cir. 2015) (same); *Jurin v. Google, Inc.*, 695 F. Supp. 2d 1117, 1122–23 (E.D. Cal. 2010) (same); *Doe II v. MySpace, Inc.*, 175 Cal. App. 4th 561, 565–68 (2009) (demurrer); *Cross v. Facebook, Inc.*, 14 Cal. App. 5th 190, 213 (2017) (anti-SLAPP).

[40] 47 U.S.C. § 230(c)(1).

[41] *Id.* § 230(f)(2).

[42] *See, e.g., Klayman v. Zuckerberg*, 753 F.3d 1354, 1357–58 (D.C. Cir. 2014); *Cohen v.*

### 2. The content at issue was provided by someone other than Facebook.

Facebook satisfies the second requirement for Section 230(c)(1) immunity because the content at issue here comes not from Facebook but from Facebook users—specifically, an unidentified "mugshot company" that operates a mugshot website.[43] Courts routinely hold that Facebook users are "[]other information content provider[s]" under the statute.[44] Here, Plaintiff alleges that "the mugshot company maliciously created a Facebook account and an Instagram account and posted Plaintiff's mugshot and arrest information on both profiles."[45] Plaintiff does not allege that anyone at Facebook authored any of these posts. This satisfies the second requirement.[46]

### 3. Plaintiff seeks to hold Facebook liable for exercising "a publisher's traditional editorial functions."

Finally, the third requirement for Section 230(c)(1) immunity is satisfied if the claim seeks to hold Facebook liable for third-party content at issue. That is precisely what Plaintiff's claim seeks to do. Plaintiff explicitly seeks to hold Facebook liable for "deciding to allow the defamatory and harmful posts to remain on its website."[47] This claim by definition satisfies the third requirement.[48] Because all three requirements for Section 230(c)(1) immunity are met, Plaintiff cannot bring a claim against Facebook.

---

*Facebook, Inc.*, 252 F. Supp. 3d 140, 155–56 (E.D.N.Y. 2017); *Sikhs for Justice*, 144 F. Supp. 3d at 1093.

[43]    Compl. ¶¶ 286-294.

[44]    *Klayman*, 753 F.3d at 1358–59 (information published by users of Facebook was "information provided by another information content provider" within Section 230(c)(1)); *King v. Facebook, Inc.*, 2019 WL 4221768, at *4 (N.D. Cal. Sept. 5, 2019)

[45]    Compl. ¶¶ 288.

[46]    *Klayman*, 753 F.3d at 1358; *King*, 2019 WL 4221768, at *4; *Brittain v. Twitter, Inc.*, 2019 WL 2423375, at *3 (N.D. Cal. June 10, 2019).

[47]    Compl. ¶ 533; *see also* Compl. ¶¶ 286-294.

[48]    *Klayman*, 753 F.3d at 1358–59.

IV.  **GRANTING LEAVE TO AMEND WOULD BE FUTILE.**

If requested, the Court need not grant Plaintiff leave to amend the Complaint because amendment would be futile.[49] The theory of Plaintiff's case against Facebook, which depends on Facebook's liability for defamatory harmful content made by third parties, is precluded by basic principles of tort law[50] and Section 230(c)(1).[51] Amendment cannot solve these problems, and the Court should dismiss the Complaint against Facebook without leave to amend.

V.  **CONCLUSION.**

For the foregoing reasons, Facebook respectfully requests that the Court dismiss Plaintiff's claim against it, with prejudice.

Respectfully submitted July 12, 2021.

By: /s/

M. WARREN BUTLER (ASB-3190-R56M)
JAKE T. MACKAY (ASB-9600-P97I)
STARNES DAVIS FLORIE LLP
11 N. Water Street, Suite 20290
Mobile, Alabama 36602
(251) 433-6049 - Main
(251) 433-5901 - Fax

MATAN SHACHAM, *pro hac vice pending*
KEKER, VAN NEST & PETERS, LLP
633 Battery Street
San Francisco, CA 94111-1809
Telephone: 415 391 5400
Facsimile: 415 397 7188

*Attorneys for Defendant Facebook, Inc.*

---

[49] *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1074–75 (11th Cir. 2017) (holding that leave to amend need not be granted if amendment would be futile).

[50] *Inmon*, 394 So. 2d 361.

[51] *See Klayman*, 753 F.3d at 1357–59.

## CERTIFICATE OF SERVICE

I hereby certify that on **July 12, 2021** I served the foregoing document(s) by ELECTRONICALLY POSTING to the ECF website of the United States District Court, Northern District of Alabama, Middle Division and/or by U.S. Mail, postage prepaid. The Court performed service electronically on all ECF-registered entities in this matter.

/s/ M. Warren Butler
M. Warren Butler